UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index No.: 15 CV 2710

SIGRID ALEXANDER,

                Plaintiff,

- against-

FREELANCERS HEALTH SERVICE CORPORATION
d/b/a/ HEALTH REPUBLIC INSURANCE OF NEW
YORK, BRIAN WALKER, *Individually* and
RON ROSTOW, *Individually*,

                Defendants.
------------------------------------------------------------X

JUDGE SCHOFIELD

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

RECEIVED
APR 08 2015
U.S.D.C. S.D. N.Y.

Plaintiff, SIGRID ALEXANDER, by her attorneys, PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* (the "NYCHRL"); and seeks damages to redress the injuries Plaintiff has suffered as a result of being subjected to **sexual harassment, gender discrimination, a hostile work environment and retaliation** by the Defendants.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims of plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district based upon the fact that a substantial part of the events giving rise to the claim occurred within the County of New York, State of New York, within the

1

Southern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

4. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

5. Plaintiff received a Notice of Right to Sue from the EEOC, on March 12, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

6. This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

7. That at all times relevant hereto, Plaintiff SIGRID ALEXANDER ("ALEXANDER") is a resident of the State of New York and County of Queens.

8. That at all times relevant hereto, Defendant FREELANCERS HEALTH SERVICE CORPORATION d/b/a HEALTH REPUBLIC INSURANCE OF NEW YORK ("HRINY") was and is a domestic not-for-profit corporation duly existing pursuant and by virtue of the laws of the State of New.

9. That at all times relevant hereto, Defendant HRINY owns and/or operates an office located at 30 Broad Street, 34th Floor, New York, New York 10004.

10. That at all times relevant hereto, Plaintiff ALEXANDER was employed by Defendant HRINY as an Accounts Payable Specialist.

11. That at all times relevant hereto, Defendant BRIAN WALKER ("WALKER") was and is a resident of the State of New York.

12. That at all times relevant hereto, Defendant WALKER was and is an employee of Defendant HRINY, holding the position of IT Technical Service Manager.

13. That at all times relevant hereto, Defendant WALKER was Plaintiff ALEXANDER's supervisor and/or held supervisory authority over Plaintiff. Defendant WALKER had the

2

ability to hire, fire and affect the terms and conditions of Plaintiff's employment.

14. That at all times relevant hereto, Defendant RON ROSTOW was and is an employee of Defendant HRINY, holding the position of Vice President and Controller.

15. That at all times relevant hereto, Defendant ROSTOW ("ROSTOW") was and is a resident of the State of New York.

16. That at all times relevant hereto, Defendant ROSTOW was Plaintiff ALEXANDER's supervisor and/or held supervisory authority over Plaintiff. Defendant ROSTOW had the ability to hire, fire and affect the terms and conditions of Plaintiff's employment.

17. Defendant HRINY, Defendant WALKER and Defendant ROSTOW are collectively referred to herein as "Defendants."

## MATERIAL FACTS

18. Plaintiff Alexander began working for Defendant HRINY in or around February 2014, as an Accounts Payable Manager.

19. In or around March 2014, into Plaintiff's employment with Defendant HRINY, Defendant WALKER started making inappropriate comments to Plaintiff ALEXANDER while smacking his lips and cat calling her.

20. **Specifically, Defendant WALKER referred to Plaintiff ALEXANDER's breasts as "them double Ds" and made other sexually charged comments regarding her clothing and hair.**

21. **On several occasions, when Plaintiff ALEXANDER went into the office kitchen to get her morning coffee, Defendant WALKER followed her and attempted to rub himself against Plaintiff. Plaintiff told Defendant WALKER to stop his unwanted advances.**

22. In or around July 2014, the office where Plaintiff ALEXANDER worked was moved from the 34th Floor to the 7th Floor of the building. At that time, Defendant WALKER's unwanted

3

advances progressed to the point of frightening Plaintiff ALEXANDER.

23. Defendant WALKER knew Plaintiff ALEXANDER's work schedule. Instead of using the front door to enter the building, Defendant WALKER awaited Plaintiff's arrival by the 7th floor stairwell. **Aware of the fact that Plaintiff arrived at work at 7 a.m., on several occasions Defendant WALKER startled Plaintiff by suddenly appearing behind her as she entered the 7th Floor of the building.**

24. **During these surprise appearances, Defendant WALKER would sing to Plaintiff "private eyes, I am watching you, you are so vain, you probably think this song is about you" and make sexually-charged comments towards her.**

25. Defendant WALKER's stalking behavior, his sexually charged comments, and his frightening morning appearances led Plaintiff ALEXANDER to contact Juliana Rozario in Human Resources.

26. Plaintiff ALEXANDER met with Ms. Rozario on or about July 28, 2014 for about one (1) hour. During that meeting, Plaintiff complained to Ms. Rozario of the sexual harassment to which Defendant WALKER subjected Plaintiff. Furthermore, Plaintiff ALEXANDER conveyed to Ms. Rozario that she was afraid to go to work because of Defendant WALKER's threatening and offensive behavior. Ms. Rozario concluded the meeting by informing Plaintiff that her complaint would be investigated.

27. **A few days later, Ms. Rozario e-mailed Plaintiff ALEXANDER to inform her that Plaintiff's complaint was dismissed because Ms. Rozario had not been able to verify Plaintiff's allegations.**

28. Subsequently, cameras were installed on every corner of the 7th Floor of the building, where Plaintiff's office was located.

29. Defendant WALKER was transferred to the 8th Floor but continued to "go out of his way" to

4

get Plaintiff ALEXANDER's attention. As such, Defendant WALKER's sexual harassment of Plaintiff continued.

30. **As a result of her complaint of sexual harassment, Plaintiff ALEXANDER became a subject of retaliation.**

31. Specifically, Plaintiff ALEXANDER's work was unjustifiably criticized and she was placed on probation.

32. On or about August 1, 2014, Defendant ROSTOW, Plaintiff ALEXANDER's manager, performed a review of Plaintiff's work.

33. **Following the review, Defendant ROSTOW impeded Plaintiff ALEXANDER's work by preventing her from further involvement in any A/P processes and Finance meetings.**

34. Upon information and belief, Plaintiff's work was sabotaged, as invoices that she had prepared, disappeared. When she confronted Defendant ROSTOW about the invoices, he dismissed her, accusing Plaintiff of questioning his authority.

35. **Consequently, Plaintiff ALEXANDER became an outcast. She was micromanaged daily and ignored by her co-workers during A/P and Finance meetings.**

36. By way of example, Plaintiff ALEXANDER was locked out of her computer multiple times because her password had been changed without her knowledge. When Plaintiff ALEXANDER asked for help, Defendant ROSTOW ignored her e-mails, subsequently chastising her for not following directions regarding new processes.

37. **Thereafter, Plaintiff ALEXANDER was written-up a second time by Defendant ROSTOW and given two weeks to improve her work performance, or face termination.**

38. **The stress of sexual harassment and the ensuing retaliation elevated Plaintiff ALEXANDER's stress to such a degree, that on or about August 4, 2014, Plaintiff had a heart attack and was hospitalized for six (6) days.**

39. Upon Plaintiff ALEXANDER's return to work, Plaintiff, Ms. Rozario and Mike Paduano, the company CFO, participated in a videoconference with Defendant ROSTOW to inform Plaintiff that she was still on a two-week probation. **They proceeded to inform Plaintiff ALEXANDER that at the end of the two-week probation, she would be terminated and instructed Ms. Rozario to prepare a separation agreement and severance for Plaintiff.**

40. **On or about August 21, 2014, due to the stress resulting from the discrimination and retaliation by Defendants, Plaintiff ALEXANDER suffered a second heart attack. The symptoms of the heart attack began while Plaintiff was sitting at her desk in anguish over the retaliation by Defendants and sexual advances by Defendant WALKER, whose actions remained uncorrected.**

41. As a result of the heart attack, once again Plaintiff ALEXANDER was hospitalized for six (6) days in the heart tremor unit of Cornell Hospital.

42. Plaintiff ALEXANDER underwent major heart surgery to correct a weak heart from the the second heart attack on February 17, 2015. Plaintiff ALEXANDER underwent cardiopulmonary bypass surgery to replace the left aoric valve.

43. Plaintiff ALEXANDER was admitted to the hospital again on March 3, 2015 for surgery complications due to Artial Fibrittation Confential Aortic stenosis respiratory distress.

44. Despite the physical manifestation of Plaintiff ALEXANDER's work-related stress by way of two heart attacks, Defendant HRJNY did not take any actions to reprimand Defendant WALKER or Defendant ROSTOW for their discriminatory and retaliatory actions against Plaintiff. On the contrary, Defendants created a hostile and repressive work environment for Plaintiff.

45. **Furthermore, Defendant WALKER continues to harass Plaintiff ALEXANDER online and has accessed her LinkedIn and personal e-mail accounts.**

6

46. Upon Plaintiff ALEXANDER's information and belief, her co-workers are aware of her complaints against Defendant WALKER. As a result, they shunned Plaintiff ALEXANDER, ignoring her invitations for lunch and turning away at her sight. They only spoke to her for work-related issues.

47. Plaintiff ALEXANDER was forced to perform her work in a hostile environment where she suffered continuous humiliation, intimidation and sabotage.

48. Plaintiff ALEXANDER felt and continues to feel offended, disturbed, and humiliated by the Defendants' aforementioned discriminatory and retaliatory comments and conduct.

49. The above are just some of the acts of harassment and discrimination that Plaintiff ALEXANDER experienced on a regular and continual basis while employed by Defendant HRINY.

50. Plaintiff ALEXANDER harassment, discrimination and retaliation at the hands of Defendants, based solely on her female gender.

51. Plaintiff ALEXANDER has been unlawfully discriminated against, humiliated, harassed, degraded and belittled; and as a result suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

52. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

53. Plaintiff's performance was, upon information and belief, satisfactory during the course of employment with the Defendants.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

55. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

56. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

59. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her gender.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

60. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this complaint.

61. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation,

proceeding or hearing under this subchapter."

62. By retaliating against Plaintiff for her opposition to their illegal conduct, Defendants violated 42 U.S.C. § 2000e-3(a).

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The Administrative Code of City of NY § 8-107 [1] provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

68. The New York City Administrative Code Title 8, §8-107 (7) provides that:

> It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…

9

69. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, terminating Plaintiff's employment because she opposed Defendants' unlawful employment actions.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. New York City Administrative Code Title 8, § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or

10

two of this section only where:

   i. the employee or agent exercised managerial or supervisory responsibility; or

   ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

75. Defendants violated the section cited herein as set forth.

### JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practice prohibited by <u>Title VII of the Civil Rights Act of 1964,</u> as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and The New York City Administrative Code, §8-107 *et seq.*, that the Defendants discriminated

against and sexually harassed the Plaintiff on the basis of her gender;

B. Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
       April 7, 2015

                               PHILLIPS & ASSOCIATES
                               ATTORNEYS AT LAW, PLLC

                               Marjorie Mesidor, Esq.
                               *Attorneys for Plaintiff*
                               45 Broadway, Suite 620
                               New York, New York 10006
                               (212) 248-7431
                               mmesidor@tpglaws.com

EEOC Form 161-B (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Sigrid Alexander<br>1708 Summer Field<br>Apt.5d<br>Ridgewood, NY 11385 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

RECEIVED MAR 12 2015 BY:

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00829 | Debra L. Richards, Investigator | (212) 336-3768 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ Kevin J. Berry
Kevin J. Berry,
District Director

MAR 10 2015
(Date Mailed)

Enclosures(s)

cc:    Attn: Director of Human Resources<br>FREELANCERS HEALTH SERVICE CORPORATION<br>30 Wall Street<br>New York, NY 10004

Marjorie Mesidor, Esq.<br>PHILLIPS & ASSOCIATES<br>45 Broadway, Suite 620<br>New York, NY 10006