**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (212) 545-4073
MY EMAIL ADDRESS IS: MELLKW@JACKSONLEWIS.COM

September 1, 2015

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court, S.D.N.Y.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

                Re:    *Alexander v. Freelancers Health Services Corp. et al.*
                          **15 Civ. 2710 (LGS)**

Dear Judge Schofield:

      Pursuant to the Court's Order, dated July 21, 2015, the parties respectfully submit this joint letter. Enclosed herewith is a copy of the parties' proposed Case Management Plan and Scheduling Order. The initial conference in this matter is scheduled for September 8, 2015 at 10:45 a.m.

1.    **NATURE OF THE CASE.**

    a.   **Plaintiff's Position.**

      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* (the "NYCHRL"); and seeks damages to redress the injuries Plaintiff has suffered as a result of being subjected to sexual harassment, gender discrimination, a hostile work environment and retaliation by the Defendants.

    b.   **Defendants' Position.**

      Defendant Freelancers Health Service Corporation d/b/a Health Republic Insurance of New York ("Health Republic") employed Plaintiff as an Accounts Payable Specialist from on or about February 17, 2014 to on or about September 29, 2014. Due to her unsatisfactory job performance,



**jackson|lewis**
Attorneys at Law

Hon. Lorna G. Schofield
United States District Court, S.D.N.Y.
September 1, 2015
Page 2

Defendant Rostow (Plaintiff's supervisor) decided to place her on a Performance Improvement Plan ("PIP"). <u>After</u> the decision to place her on a PIP was made and after the PIP was drafted, Plaintiff complained to Defendant Rostow that Defendant Brian Walker, Health Republic's Technical Services Manager, had sexually harassed her. Health Republic commenced an immediate and thorough investigation of Plaintiff's claims, but found no evidence to support them. Nevertheless, Mr. Walker was counseled regarding workplace harassment and instructed to limit his interactions with Plaintiff. Plaintiff and Mr. Walker also were reminded about Freelancers' anti-retaliation policies, and Plaintiff was encouraged to report retaliation if it occurred.

Plaintiff's performance did not improve under the PIP. The PIP, which was delivered to Plaintiff on July 1, 2014, identified numerous deficiencies in Plaintiff's job performance, provided her specific directions on how to improve her performance, and set August 1, 2014 as a follow-up review date. When Plaintiff failed to improve, Mr. Rostow prepared a supplement to the July 1st PIP, dated July 20, 2014, which detailed the various ways in which Plaintiff's performance remained unsatisfactory and which was discussed with Plaintiff. Plaintiff's performance remained inadequate, and thus, on August 1, 2014, Mr. Rostow issued her a Final Warning Letter. In this letter, Mr. Rostow set forth, in detail, the continued deficiencies in Plaintiff's performance over the preceding month, and gave her an additional two weeks to improve. Plaintiff failed to do so and Health Republic terminated her employment on September 29, 2014. Plaintiff's perpetually defective performance was the sole factor motivating Health Republic's decision to terminate her employment.

## 2. SUBJECT MATTER JURISDICTION AND VENUE.

### a. Plaintiff's Statement.

Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims of plaintiff brought under city law pursuant to 28 U.S.C. § 1367. Venue is proper in this district based upon the fact that a substantial part of the events giving rise to the claim occurred within the County of New York, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

### b. Defendants' Statement.

Defendants do not contest subject matter jurisdiction or venue. However, should the Court dismiss Plaintiff's federal claims, they maintain their right to object to the continued exercise of supplemental jurisdiction.

## 3. MOTIONS.

### a. Plaintiff's Statement.

Plaintiff does not anticipate any motions at this time.

### b. Defendants' Statement.

Defendants anticipate filing a motion for summary judgment at the conclusion of discovery.


4. **DISCOVERY.**

   a. **Plaintiff's Statement.**

   To date, no discovery has taken place. Plaintiff will seek discovery regarding Defendants policies and procedures against sexual harassment, the personnel files of Defendants, Plaintiff's past job performance and write ups, and all complaints filed with Defendants by Plaintiff.

   b. **Defendants' Statement.**

   Defendants will seek discovery regarding Plaintiff's past job performance and interactions with co-workers; her claims in this matter, her medical history; her alleged damages; and her efforts, after her employment with Freelancers ended, to find other employment.

5. **DAMAGES COMPUTATION.**

   a. **Plaintiff's Statement.**

   Backpay: $45,506.85 (55,000 year. Last day of work was September 29, 2014)

   Future Damages: 110,000 (2 years of salary)

   Emotional Distress: $250,000

   Attorney's Fees: Unknown

   Punitive Damages: $500,000 plus interest and costs

   b. **Defendants' Statement.**

   Defendants request that Plaintiff identify the specific damages she claims she is owed.

6. **SETTLEMENT.**

   The parties have discussed and remain amenable to settlement. This case was recently referred to mandatory mediation in the Southern District. Mediation is scheduled for September 11, 2015.

7. **OTHER.**

   None.

**jackson|lewis**
Attorneys at Law

Respectfully submitted,

*/s/ Marjorie Mesidor*
Marjorie Mesidor, Esq.
On behalf of Plaintiff


*/s/ Wendy J. Mellk*
Wendy J. Mellk
Douglas J. Klein
On behalf of Defendants


DJK:dt
Encl.

4816-2164-1766, v. 1